UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUNNYVALE IMAGING CENTER,<br><br>          Plaintiff,<br><br>    v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al.,<br><br>          Defendants. | Case No. 12-cv-03404-BLF<br><br>**ORDER DECLINING TO APPROVE JOINT STIPULATION SUBMITTED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(ii)**<br><br>[Re: ECF 61] |

On May 23, 2014, Defendant MedSolutions, Inc. ("MedSolutions") filed a joint stipulation and proposed order purporting to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).[1] Under that provision, a plaintiff may dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). In this case, the stipulation does not comply with Rule 41(a)(1)(A)(ii) because, although it is signed by Plaintiff and MedSolutions, it is not signed Defendant Cigna Health and Life Insurance Company. Accordingly, the Court DECLINES to sign the proposed order approving the stipulation.

The Court notes that should the parties file a renewed joint stipulation that complies with Rule 41(a)(1)(A)(ii), *i.e.,* that is signed by all parties that have appeared, such stipulation would be effective to dismiss the claims against MedSolutions without the need for a court order. *See* Fed.

---

[1] The stipulation actually references Rule "41(a)(1)(ii)," but the Court presumes that the intended reference is Rule 41(a)(1)(A)(ii).

1 | R. Civ. P. 41(a)(1)(A)(ii).

2 |       **IT IS SO ORDERED.**

4 | Dated:  5/28/2014

BETH LABSON FREEMAN
United States District Judge